1   MOLLIE M. BURKS  (SBN:  222112)
    mburks@grsm.com
2   AZNIV DARBINIAN  (SBN:  197787)
    adarbinian@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
4   San Francisco, CA 94111
    Telephone:  (510) 463-8668
5   Facsimile:  (415) 986-8054

6   Attorneys for Defendants
    BOUTIQUE AIR, INC., OPEN TRIP, INC.,
7   MARK HENDRIX, SHAWN SIMPSON, and MICHAEL RECH

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  JENNIFER SHULL                          )  CASE NO.  4:20-CV-08568-YGR
                                            )
11                    Plaintiff,            )  **DEFENDANTS BOUTIQUE AIR,**
                                            )  **INC., OPEN TRIP, INC., MARK**
12         vs.                              )  **HENDRIX, SHAWN SIMPSON,**
                                            )  **AND MICHAEL RECH ANSWER**
13  BOUTIQUE AIR, INC. a California Corporation, )  **TO COMPLAINT**
    OPEN TRIP, INC., a California Corporation, and )
14  MARK HENDRIX, SHAWN SIMPSON, and        )
    MICHAEL RECH, Individuals.              )
15                                          )
                      Defendants.           )
16  _____)

17        Defendants BOUTIQUE AIR, INC. ("Boutique"), OPEN TRIP, INC. ("Open Trip"),

18  MARK HENDRIX ("Hendrix"), SHAWN SIMPSON ("Simpson"), and MICHAEL RECH's

19  ("Rech", Boutique, Open Trip, Hendrix, Simpson and Rech collectively referred to herein as

20  "Defendants") answer Plaintiff JENNIFER SHULL's ("Plaintiff" or "Shull") complaint as

21  follows:

22                            **BACKGROUND**

23        1.     Paragraph 1 does not contain charging allegations that require a response from

24  Defendants.

25                              **PARTIES**

26        2.     Defendants do not have sufficient information at this time to either admit or deny

27  the allegations in Paragraph 2 and on that basis deny them.

28        3.     Defendants admit the allegations in Paragraph 3.

-1-

DEFENDANTS BOUTIQUE AIR, INC., OPEN TRIP, INC., MARK HENDRIX, SHAWN SIMPSON, AND
MICHAEL RECH ANSWER TO COMPLAINT                              Case No. 4:20-CV-08568-YGR

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit that Open Trip owns Boutique Air and that Open Trip issued Plaintiff's paychecks.  Defendants deny the remainder of the allegations in Paragraph 5.

6.      Defendants admit that Hendrix is an employee of Boutique Air, Inc.  Defendants deny the remaining allegations in Paragraph 6.

7.      Defendants admit that Simpson is an employee and officer of Boutique Air, Inc.  Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants admit that Rech is an employee of Boutique Air, Inc.   Defendants deny the remaining allegations in Paragraph 8.

9.      Paragraph 9 does not contain charging allegations that require a response from Defendants.

## JURISDICTION

10.      Defendants admit that this Court has federal question jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Defendants do not have sufficient information at this time to either admit or deny the remaining allegations in Paragraph 10 and on that basis deny them.

11.      Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 11 and on that basis deny them.

## VENUE

12.      Defendants admit that venue is proper in the Northern District of California.

## FACTS COMMON TO ALL CLAIMS

13.      Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 13 and on that basis deny them.

14.      Defendants admit that Shull was hired by Boutique Air as a commercial pilot in March of 2018 and that she held the positon of Flight Officer, Second-in Command, at all times during her employment.  Defendants do not have sufficient information at this time to either admit or deny the remaining allegations in Paragraph 14 and on that basis deny them.

### *Shull's Compensation*

15.      Defendants do not have sufficient information at this time to either admit or deny

1    the allegations in Paragraph 15 and on that basis deny them.

2        16.    Defendants deny that Shull's pay fell below the applicable minimum wage under

3    the laws of Oregon or California at any time during her employment.  Defendants do not have

4    sufficient information at this time to either admit or deny the remaining allegations in Paragraph

5    16 and on that basis deny them.

6        17.    Defendants deny that Shull's pay fell below the applicable minimum wage at any

7    time during her employment.  Defendants do not have sufficient information at this time to either

8    admit or deny the remaining allegations in Paragraph 17 and on that basis deny them.

9        18.    Defendants deny that Shull's pay fell below the applicable minimum wage at any

10   time during her employment.  Defendants do not have sufficient information at this time to either

11   admit or deny the remaining allegations in Paragraph 18 and on that basis deny them.

12       19.    Defendants deny that Shull's pay fell below the applicable minimum wage under

13   the FLSA at any time during her employment.  Defendants do not have sufficient information at

14   this time to either admit or deny the remaining allegations in Paragraph 19 and on that basis deny

15   them.

16                    ***Inappropriate Response to Physical Disability Restrictions,***

17                    ***Use of Sick Leave, and Workers' Compensation Claims***

18       20.    Defendants deny that they failed to promptly tender a claim for workers'

19   compensation benefits for processing on Shull's behalf at any time during her employment.

20   Defendants do not have sufficient information at this time to either admit or deny the remaining

21   allegations in Paragraph 20 and on that basis deny them.

22       21.    Defendants deny that they failed to promptly tender a claim for workers'

23   compensation benefits for processing on Shull's behalf at any time during her employment.

24   Defendants do not have sufficient information at this time to either admit or deny the remaining

25   allegations in Paragraph 21 and on that basis deny them.

26       22.    Defendants do not have sufficient information at this time to either admit or deny

27   the allegations in Paragraph 22 and on that basis deny them.

28       23.    Defendants do not have sufficient information at this time to either admit or deny

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-3-

the allegations in Paragraph 23 and on that basis deny them.

24.    Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 23 and on that basis deny them.

25.    Defendants deny that they failed to promptly tender a claim for workers' compensation benefits for processing on Shull's behalf at any time during her employment. Defendants do not have sufficient information at this time to either admit or deny the remaining allegations in Paragraph 25 and on that basis deny them.

26.    Defendants deny that they delayed the filing of workers' compensation claim for processing on Shull's behalf at any time during her employment. Defendants do not have sufficient information at this time to either admit or deny the remaining allegations in Paragraph 26 and on that basis deny them.

27.    Defendants deny the allegations in Paragraph 27.

28.    Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 28 and on that basis deny them.

29.    To the extent Paragraph 29 contains legal conclusions, a response is not required. However, Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 29 and on that basis deny them.

30.    Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 30 and on that basis deny them.

31.    Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 31 and on that basis deny them.

32.    Defendants admit that Boutique Air's practice involves flight officers loading and unloading baggage from the aircraft and subsequent to her 2018 injury, Boutique Air accommodated Plaintiff's identified medical restrictions. Defendants do not have sufficient information at this time to either admit or deny the remaining allegations in Paragraph 32 and on that basis deny them.

33.    Defendants deny that they or their employees created a hostile workplace environment. Defendants to not have sufficient information at this time to either admit or deny

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the remaining allegations in Paragraph 33 and its subparts and on that basis deny them..

2        34.    Defendants deny the allegations in Paragraph 34.

3    *Sexualized Behavior by a Pilot-in-Command*

4        35.    Defendants do not have sufficient information at this time to either admit or deny

5    the allegations in Paragraph 35 and on that basis deny them

6        36.    Defendants do not have sufficient information at this time to either admit or deny

7    the allegations in Paragraph 36 and its subparts and on that basis deny them.

8        37.    Defendants deny the allegations in Paragraph 37.

9        38.    Defendants do not have sufficient information at this time to either admit or deny

10   the allegations in Paragraph 38 and on that basis deny them.

11       39.    Defendants deny the allegations in Paragraph 39.

12   *Retaliation for Safety Call-Out (Portland)*

13       40.    Defendants do not have sufficient information at this time to either admit or deny

14   the allegations in Paragraph 40 and on that basis deny them.

15       41.    Defendants do not have sufficient information at this time to either admit or deny

16   the allegations in Paragraph 41 and on that basis deny them.

17       42.    Defendants do not have sufficient information at this time to either admit or deny

18   the allegations in Paragraph 42 and on that basis deny them.

19       43.    Defendants do not have sufficient information at this time to either admit or deny

20   the allegations in Paragraph 43 and on that basis deny them

21       44.    Defendants do not have sufficient information at this time to either admit or deny

22   the allegations in Paragraph 44 and on that basis deny them

23       45.    Defendants deny the allegations in Paragraph 45.

24   *Reporting Crew House Safety and Privacy Issues*

25       46.    Defendants do not have sufficient information at this time to either admit or deny

26   the allegations in Paragraph 46 and on that basis deny them.

27       47.    Defendants do not have sufficient information at this time to either admit or deny

28   the allegations in Paragraph 47 and on that basis deny them.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   48.   Defendants do not have sufficient information at this time to either admit or deny

2   the allegations in Paragraph 48 and on that basis deny them

3   49.   Defendants do not have sufficient information at this time to either admit or deny

4   the allegations in Paragraph 49 and on that basis deny them

5   50.   Defendants deny the allegations in Paragraph 50.

6   ### *Retaliation for Safety Reports (Los Angeles)*

7   51.   Defendants do not have sufficient information at this time to either admit or deny

8   the allegations in Paragraph 51 and on that basis deny them.

9   52.   Defendants do not have sufficient information at this time to either admit or deny

10   the allegations in Paragraph 52 and on that basis deny them.

11   53.   Defendants do not have sufficient information at this time to either admit or deny

12   the allegations in Paragraph 53 and on that basis deny them.

13   54.   Defendants do not have sufficient information at this time to either admit or deny

14   the allegations in Paragraph 54 and on that basis deny them.

15   55.   Defendants do not have sufficient information at this time to either admit or deny

16   the allegations in Paragraph 55 and its footnote and on that basis deny them.

17   56.   Defendants do not have sufficient information at this time to either admit or deny

18   the allegations in Paragraph 56 and on that basis deny them.

19   57.   Defendants do not have sufficient information at this time to either admit or deny

20   the allegations in Paragraph 57 and on that basis deny them.

21   58.   Defendants deny the allegations in Paragraph 58.

22   ### *Diminished Flight Hours In Los Angeles*

23   59.   Defendants do not have sufficient information at this time to either admit or deny

24   the allegations in Paragraph 59 and on that basis deny them.

25   60.   Defendants do not have sufficient information at this time to either admit or deny

26   the allegations in Paragraph 60 and on that basis deny them.

27   61.   Defendants do not have sufficient information at this time to either admit or deny

28   the allegations in Paragraph 61 and on that basis deny them.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny that they retaliated against Plaintiff for making any complaints. Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 63 and on that basis deny them.

64.      Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 64 and on that basis deny them.

65.     Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 65 and on that basis deny them.

66.     Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 66 and on that basis deny them.

### Shull Is Constructively Discharged

67.     Defendants deny the allegations in Paragraph 67 and its subparts.

68.     Defendant's deny that they docked Plaintiff's pay by $400 through manipulation of her PTO bank.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 68 and on that basis deny them.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny that they retaliated against Plaintiff at any time.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 70 and on that basis deny them.

71.     Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 71 and on that basis deny them

### Mitigation and Exhaustion of Administrative Relief

72.     Defendants deny that Plaintiff was constructively discharged.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 72 and on that basis deny them.

73.     Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 73 and on that basis deny them.

/ / /

DEFENDANTS BOUTIQUE AIR, INC., OPEN TRIP, INC., MARK HENDRIX, SHAWN SIMPSON, AND MICHAEL RECH ANSWER TO COMPLAINT                    Case No. 4:20-CV-08568-YGR

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FIRST CAUSE OF ACTION**

**CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY**

**Against Defendants BOUTIQUE and OPEN TRIP**

74.      Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 73 as though fully set forth herein.

75.      Defendants admit that Plaintiff was employed by Boutique Air from March 2018 through October 2019.  Defendants deny the remaining allegations in Paragraph 75.

76.      Defendants deny the allegations in Paragraph 76.

77.      Paragraph 77 does not contain charging allegations that require a response from Defendants.

78.      Defendants deny the allegations in Paragraph 78.

79.      Defendants deny the allegations in Paragraph 79.

80.      Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 80 and on that basis deny them.

81.      Defendants deny that Plaintiff was harmed by their actions.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 81.

82.      Defendants deny the allegations in Paragraph 82.

83.      Defendants deny the allegations in Paragraph 83.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5(b)**

**Against Defendants BOUTIQUE and OPEN TRIP**

84.      Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 83 as though fully set forth herein.

85.      Defendants admit that Plaintiff was employed by Boutique Air through October 2019.  Defendants deny the remaining allegations in Paragraph 85

86.      Paragraph 86 does not contain charging allegations that require a response from Defendants.

-8-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

87.     Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 87 and on that basis deny them.

88.     Defendants deny the allegations in Paragraph 88 and its subparts.

89.     Defendants deny the allegations in Paragraph 89.

### THIRD CAUSE OF ACTION

### VIOLATION OF OREGON REVISED STATUTE 659A.199

### (RETALIATION FOR REPORTING VIOLATIONS OF LAW)

### Against Defendants BOUTIQUE and OPEN TRIP

90.     Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 89 as though fully set forth herein.

91.     To the extent paragraph 91 calls for a legal conclusion, a response is not required. However, Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 91 and on that basis deny them.

92.     To the extent paragraph 92 calls for a legal conclusion, a response is not required. However, Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 92 and on that basis deny them.

93.     Defendants deny the allegations in Paragraph 93 and its subparts.

94.     Defendants deny that Plaintiff was harmed by their actions.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

### FOURTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISBILITY IN VIOLATION OF

### THE AMERICANS WITH DISABILITIES ACT

### Against Defendants BOUTIQUE and OPEN TRIP

96.     Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 95 as though fully set forth herein.

97.     To the extent paragraph 97 calls for a legal conclusion, a response is not required.

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    However, Defendants do not have sufficient information at this time to either admit or deny the

2    allegations in Paragraph 97 and on that basis deny them.

3         98.    Defendants do not have sufficient information at this time to either admit or deny

4    the allegations in Paragraph 98 and on that basis deny them.

5         99.    To the extent paragraph 99 calls for a legal conclusion, a response is not required.

6    However, Defendants do not have sufficient information at this time to either admit or deny the

7    allegations in Paragraph 99 and on that basis deny them.

8         100.   Defendants deny the allegations in Paragraph 100.

9         101.   Defendants deny that Plaintiff was harmed by their actions.  Defendants do not

10   have sufficient information at this time to either admit or deny the remainder of the allegations in

11   Paragraph 101.

12                          **FIFTH CAUSE OF ACTION**

13            **FAILURE TO ACCOMMODATE DISBILITY IN VIOLATION OF**

14                     **OREGON REVISED STATUTE 659A.112**

15                  **Against Defendants BOUTIQUE and OPEN TRIP**

16        102.   Defendants incorporate by reference its admissions and denials contained in its

17   responses to Paragraphs 1 through 102 as though fully set forth herein.

18        103.   To the extent paragraph 103 calls for a legal conclusion, a response is not

19   required. However, Defendants do not have sufficient information at this time to either admit or

20   deny the allegations in Paragraph 103 and on that basis deny them.

21        104.   Defendants do not have sufficient information at this time to either admit or deny

22   the allegations in Paragraph 104 and on that basis deny them.

23        105.   To the extent paragraph 105 calls for a legal conclusion, a response is not

24   required. However, Defendants do not have sufficient information at this time to either admit or

25   deny the allegations in Paragraph 105 and on that basis deny them.

26        106.   Defendants deny the allegations in Paragraph 106.

27        107.   Defendants deny that Plaintiff was harmed by their actions.  Defendants do not

28   have sufficient information at this time to either admit or deny the remainder of the allegations in

1   Paragraph 107.

2   **SIXTH CAUSE OF ACTION**

3   **FAILURE TO ACCOMMODATE DISBILITY IN VIOLATION OF**

4   **CALIFORNIA GOVERNMENT CODE § 12940(a)**

5   **Against Defendants BOUTIQUE and OPEN TRIP**

6        108.    Defendants incorporate by reference its admissions and denials contained in its

7   responses to Paragraphs 1 through 107 as though fully set forth herein.

8        109.    To the extent paragraph 103 calls for a legal conclusion, a response is not

9   required. However, Defendants do not have sufficient information at this time to either admit or

10  deny the allegations in Paragraph 109 and on that basis deny them.

11       110.    Defendants do not have sufficient information at this time to either admit or deny

12  the allegations in Paragraph 110 and on that basis deny them.

13       111.    To the extent paragraph 111 calls for a legal conclusion, a response is not

14  required. However, Defendants do not have sufficient information at this time to either admit or

15  deny the allegations in Paragraph 111 and on that basis deny them.

16       112.    Defendants deny the allegations in Paragraph 112.

17       113.    Defendants deny that Plaintiff was harmed by their actions.  Defendants do not

18  have sufficient information at this time to either admit or deny the remainder of the allegations in

19  Paragraph 113.

20       114.    Defendants deny the allegations in Paragraph 114.

21  **SEVENTH CAUSE OF ACTION**

22  **VIOLATION OF OREGON REVISED STATUTE 659A.040**

23  **RETALIATION FOR CLAIMING WORKERS COMPENSATION BENEFITS**

24  **Against Defendants BOUTIQUE and OPEN TRIP**

25       115.    Defendants incorporate by reference its admissions and denials contained in its

26  responses to Paragraphs 1 through 114 as though fully set forth herein.

27       116.    Defendants do not have sufficient information at this time to either admit or deny

28  the remainder of the allegations in Paragraph 116.

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

117. Defendants deny the allegations in Paragraph 117 and its subparts.

118. Defendants deny that Plaintiff was harmed by their actions. Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 118.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 132a

## RETALIATION FOR CLAIMING WORKERS COMPENSATION BENEFITS

### Against Defendants BOUTIQUE and OPEN TRIP

119. Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 118 as though fully set forth herein.

120. Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121 and its subparts.

122. Defendants deny that Plaintiff was harmed by their actions. Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 122.

## NINTH CAUSE OF ACTION

## SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2

### Against Defendants BOUTIQUE and OPEN TRIP

123. Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 122 as though fully set forth herein.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny that Plaintiff was harmed by their actions. Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 126.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**TENTH CAUSE OF ACTION**

**SEX DISCRIMINATION IN VIOLATION OF**

**OREGON REVISED STATUTE 659A.030**

**Against Defendants BOUTIQUE and OPEN TRIP**

127.    Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 127 as though fully set forth herein.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny that Plaintiff was harmed by their actions.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 129.

**ELEVENTH CAUSE OF ACTION**

**SEX DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940(a)**

**Against Defendants BOUTIQUE and OPEN TRIP**

130.    Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 129 as though fully set forth herein.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants deny that Plaintiff was harmed by their actions.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

**TWELFTH CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2**

**RETALIATION FOR REPORTING ALLEGED SEXUAL HARASSMENT**

**Against Defendants BOUTIQUE and OPEN TRIP**

134.    Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 134 as though fully set forth herein.

135.    To the extent paragraph 135 calls for a legal conclusion, a response is not

-13-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   required. However, Defendants do not have sufficient information at this time to either admit or

2   deny the allegations in Paragraph 135 and on that basis deny them.

3        136.   Defendants deny the allegations in Paragraph 136 and its subparts.

4        137.   Defendants deny the allegations in Paragraph 137.

5        138.   Defendants deny that Plaintiff was harmed by their actions.  Defendants do not

6   have sufficient information at this time to either admit or deny the remainder of the allegations in

7   Paragraph 138.

8   **THIRTEENTH CAUSE OF ACTION**

9   **VIOLATION OF OREGON REVISED STATUTE 659A.199**

10   **RETALIATION FOR REPORTING ALLEGED SEXUAL HARASSMENT**

11   ***Against Defendants BOUTIQUE and OPEN TRIP***

12        139.   Defendants incorporate by reference its admissions and denials contained in its

13   responses to Paragraphs 1 through 138 as though fully set forth herein.

14        140.   To the extent paragraph 140 calls for a legal conclusion, a response is not

15   required. However, Defendants do not have sufficient information at this time to either admit or

16   deny the allegations in Paragraph 140 and on that basis deny them.

17        141.   Defendants deny the allegations in Paragraph 141 and its subparts.

18        142.   Defendants deny that Plaintiff was harmed by their actions.  Defendants do not

19   have sufficient information at this time to either admit or deny the remainder of the allegations in

20   Paragraph 142.

21

22   **FOURTEENTH CAUSE OF ACTION**

23   **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(a)**

24   **RETALIATION FOR REPORTING ALLEGED SEXUAL HARASSMENT**

25   ***Against Defendants BOUTIQUE and OPEN TRIP***

26        143.   Defendants incorporate by reference its admissions and denials contained in its

27   responses to Paragraphs 1 through 142 as though fully set forth herein.

28        144.   To the extent paragraph 144 calls for a legal conclusion, a response is not

required. However, Defendants do not have sufficient information at this time to either admit or deny the allegations in Paragraph 140 and on that basis deny them.

145.   Defendants deny the allegations in Paragraph 145 and its subparts.

146.   Defendants deny that Plaintiff was harmed by their actions.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 146.

147.   Defendants deny the allegations in Paragraph 147.

148.   Defendants deny that Plaintiff was harmed by their actions.  Defendants do not have sufficient information at this time to either admit or deny the remainder of the allegations in Paragraph 148

## FIFTEENTH CAUSE OF ACTION

### VIOLATION OF OREGON REVISED STATUTE 659A.030(1)(g)

### Against Defendants HENDRIX, SIMPSON, and RECH

149.   Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 148 as though fully set forth herein.

150.   Defendants deny the allegations in Paragraph 150.

151.   Defendants deny the allegations in Paragraph 151.

152.   Defendants deny the allegations in Paragraph 152.

153.   Defendants deny that Plaintiff is entitled to any fees as set forth in Paragraph 153.

## SIXTEENTH CAUSE OF ACTION

### VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT

### Against Defendants BOUTIQUE and SIMPSON

154.   Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 154 as though fully set forth herein.

155   Paragraph 155 does not contain charging allegations that require a response from Defendants.

156.   To the extent Paragraph 156 does not contain charging allegations, no response is required from Defendants.  Defendants do not have sufficient information to admit or deny the

-15-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in Paragraph 156 and on that basis deny them.

2        157.    To the extent Paragraph 157 contains a legal conclusion, no response is required.

3    Defendants deny that Shull's pay fell below the applicable minimum wage under the FLSA at

4    any time during her employment.

5        158.    Defendants deny the allegations in Paragraph 158.

6        159.    Defendants deny the allegations in Paragraph 159.

7                        **SEVENTEENTH CAUSE OF ACTION**

8                      **VIOLATION OF OREGON REVISED STATUTE**

9                   **653.025 (FAILURE TO PAY MINIMUM WAGE)**

10                  **Against Defendants BOUTIQUE and OPEN TRIP**

11       160.    Defendants incorporate by reference its admissions and denials contained in its

12   responses to Paragraphs 1 through 159 as though fully set forth herein.

13       161.    Paragraph 155 does not contain charging allegations that require a response from

14   Defendants.

15       162.    Defendants do not have sufficient information to admit or deny the remaining

16   allegations in Paragraph 156 and on that basis deny them.

17       163.    To the extent Paragraph 163 contains a legal conclusion, no response is required.

18   Defendants deny that Shull's pay fell below the applicable minimum wage under Oregon law at

19   any time during her employment.

20       164.    Defendants deny the allegations in Paragraph 164.

21       165.    Defendants deny that Plaintiff has suffered damages or that she is entitled to

22   recover penalties, interest or attorneys' fees as alleged in Paragraph 165.

23                       **EIGHTEENTH CAUSE OF ACTION**

24                     **VIOLATION OF CALIFORNIA LABOR**

25                 **CODE § 1197 (FAILURE TO PAY MINIMUM WAGE)**

26                  **Against Defendants BOUTIQUE and OPEN TRIP**

27       166.    Defendants incorporate by reference its admissions and denials contained in its

28   responses to Paragraphs 1 through 165 as though fully set forth herein.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

167.    To the extent Paragraph 167 contains a legal conclusion, no response is required. Defendants deny that Shull's pay fell below the applicable minimum wage under the FLSA at any time during her employment.

168.    To the extent Paragraph 168 contains a legal conclusion, no response is required. Defendants deny that Shull's pay fell below the applicable minimum wage under California law at any time during her employment.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny that Plaintiff has suffered damages or that she is entitled to recover penalties, interest or attorneys' fees as alleged in Paragraph 170.

**NINETEENTH CAUSE OF ACTION**

**VIOLATION OF OREGON REVISED STATUTE**

**653.606 et seq. (SICK LEAVE RETALIATION)**

**Against Defendants BOUTIQUE and OPEN TRIP**

171.    Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 170 as though fully set forth herein.

172.    To the extent Paragraph 168 contains a legal conclusion, no response is required. Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 172 and on that basis, deny them.

173.    To the extent Paragraph 173 contains a legal conclusion, no response is required.

174.    To the extent Paragraph 174 contains a legal conclusion, no response is required. Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 174 and on that basis, deny them.

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny that Plaintiff has suffered damages or that she is entitled to recover penalties, interest or attorneys' fees as alleged in Paragraph 176.

**TWENTIETH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 202**

**(FAILURE TO PAY ALL EARNED WAGES DUE UPON DISCHARGE)**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Against Defendants BOUTIQUE and OPEN TRIP**

177.     Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 176 as though fully set forth herein.

178.     Defendants deny that Plaintiff was constructively discharged.  Defendants do not have sufficient information to admit or deny the remaining allegations in Paragraph 178 and on that basis, deny them.

179.     Defendants deny the allegations in Paragraph 179.

180.     Defendants deny the allegations in Paragraph 180.

181.     Defendants deny that Plaintiff has suffered damages or that she is entitled to recover penalties, interest or attorneys' fees as alleged in Paragraph 181.

### TWENTY-FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 226

### (FAILURE TO PROVIDE ACCURATE ITEMIZED PAY STATEMENTS)

### Against Defendants BOUTIQUE and OPEN TRIP

182.     Defendants incorporate by reference its admissions and denials contained in its responses to Paragraphs 1 through 176 as though fully set forth herein.

183.     Paragraph 183 does not contain charging allegations that require a response from Defendants.

184.     Defendants deny the allegations in Paragraph 184.

185.     Defendants deny the allegations in Paragraph 185.

186.     Paragraph 186 does not contain charging allegations that require a response from Defendants.

187.     Defendants deny that Plaintiff has suffered damages or that she is entitled to recover penalties, interest or attorneys' fees as alleged in Paragraph 187.

### <u>PRAYER FOR RELIEF</u>

### AS TO THE FIRST CAUSE OF ACTION

### FOR CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY:

1.     Defendants deny that Plaintiff is entitled to compensatory or general damages;

-18-

2.      Defendants deny that Plaintiff is entitled to punitive and exemplary damages;

3.      Defendants deny that Plaintiff is entitled to costs of suit; and

4.      Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE SECOND CAUSE OF ACTION**

**FOR VIOLATION OF CALIFORNIA LABOR CODE § 1102.5:**

1.      Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.      Defendants deny that Plaintiff is entitled to attorneys' fees;

3.      Defendants deny that Plaintiff is entitled to punitive and exemplary damages;

4.      Defendants deny that Plaintiff is entitled to costs of suit; and

5.      Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE THIRD CAUSE OF ACTION**

**FOR VIOLATION OF OREGON REVISED STATUTE 659A.199:**

1.      Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.      Defendants deny that Plaintiff is entitled to attorneys' fees;

3.      Defendants deny that Plaintiff is entitled to costs of suit; and

4.      Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE FOURTH CAUSE OF ACTION**

**FOR FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION**

**OF THE AMERICANS WITH DISABILITIES ACT:**

1.      Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.      Defendants deny that Plaintiff is entitled to attorneys' fees;

3.      Defendants deny that Plaintiff is entitled to costs of suit; and

4.      Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE FIFTH CAUSE OF ACTION**

**FOR FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION**

**OF OREGON REVISED STATUTE 659A.112:**

1.      Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.      Defendants deny that Plaintiff is entitled to attorneys' fees;

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS BOUTIQUE AIR, INC., OPEN TRIP, INC., MARK HENDRIX, SHAWN SIMPSON, AND
MICHAEL RECH ANSWER TO COMPLAINT                                    Case No. 4:20-CV-08568-YGR

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

### AS TO THE SIXTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISBILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(a):

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

### AS TO THE SEVENTH CAUSE OF ACTION

### VIOLATION OF OREGON REVISED STATUTE 659A.040

### RETALIATION FOR CLAIMING WORKERS COMPENSATION BENEFITS:

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

### AS TO THE EIGHTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE SECTION 132a:

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

### AS TO THE NINTH CAUSE OF ACTION

### SEX DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2:

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**AS TO THE TENTH CAUSE OF ACTION**

**SEX DISCRIMINATION IN VIOLATION OF**

**OREGON REVISED STATUTE 659A.030:**

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE ELEVENTH CAUSE OF ACTION**

**SEX DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940(a):**

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE TWELFTH CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2**

**RETALIATION FOR REPORTING ALLEGED SEXUAL HARASSMENT**

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF OREGON REVISED STATUTE 659A.199**

**RETALIATION FOR REPORTING ALLEGED SEXUAL HARASSMENT**

1.    Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3.    Defendants deny that Plaintiff is entitled to costs of suit; and

4.    Defendants deny that Plaintiff is entitled to any relief;

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## AS TO THE FOURTEENTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(a)

### RETALIATION FOR REPORTING ALLEGED SEXUAL HARASSMENT

1.     Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.     Defendants deny that Plaintiff is entitled to attorneys' fees;

3.     Defendants deny that Plaintiff is entitled to costs of suit; and

4.     Defendants deny that Plaintiff is entitled to any relief;

## AS TO THE FIFTEENTH CAUSE OF ACTION

### VIOLATION OF OREGON REVISED STATUTE 659A.030(1)(g)

1.     Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.     Defendants deny that Plaintiff is entitled to attorneys' fees;

3.     Defendants deny that Plaintiff is entitled to costs of suit; and

4.     Defendants deny that Plaintiff is entitled to any relief;

## AS TO THE SIXTEENTH CAUSE OF ACTION

### VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT

1.     Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.     Defendants deny that Plaintiff is entitled to liquidated damages;

3.     Defendants deny that Plaintiff is entitled to pre-judgment and post judgment interest;

4.     Defendants deny that Plaintiff is entitled to attorneys' fees;

5.     Defendants deny that Plaintiff is entitled to costs of suit; and

6.     Defendants deny that Plaintiff is entitled to any relief;

## AS TO THE SEVENTEENTH CAUSE OF ACTION

### VIOLATION OF OREGON REVISED

### STATUTE 653.025 (FAILURE TO PAY MINIMUM WAGE)

1.     Defendants deny that Plaintiff is entitled to compensatory or general damages;

2.     Defendants deny that Plaintiff is entitled to liquidated damages;

3.     Defendants deny that Plaintiff is entitled to pre-judgment and post judgment

-22-

1   interest;

2       4.    Defendants deny that Plaintiff is entitled to attorneys' fees;

3       5.    Defendants deny that Plaintiff is entitled to costs of suit; and

4       6.    Defendants deny that Plaintiff is entitled to any relief;

5   **AS TO THE EIGHTEENTH CAUSE OF ACTION**

6   **VIOLATION OF CALIFORNIA LABOR**

7   **CODE § 1197 (FAILURE TO PAY MINIMUM WAGE)**

8       1.    Defendants deny that Plaintiff is entitled to a civil penalty in any amount;

9       2.    Defendants deny that Plaintiff is entitled to statutory penalties;

10       3.    Defendants deny that Plaintiff is entitled to pre-judgment and post judgment

11   interest;

12       4.    Defendants deny that Plaintiff is entitled to attorneys' fees;

13       5.    Defendants deny that Plaintiff is entitled to costs of suit; and

14       6.    Defendants deny that Plaintiff is entitled to any relief;

15   **AS TO THE NINETEENTH CAUSE OF ACTION**

16   **VIOLATION OF OREGON REVISED STATUTE**

17   **653.606 et seq. (SICK LEAVE RETALIATION)**

18       1.    Defendants deny that Plaintiff is entitled to compensatory damages;

19       2.    Defendants deny that Plaintiff is entitled to statutory penalties;

20       3.    Defendants deny that Plaintiff is entitled to pre-judgment and post judgment

21   interest;

22       4.    Defendants deny that Plaintiff is entitled to attorneys' fees;

23       5.    Defendants deny that Plaintiff is entitled to costs of suit; and

24       6.    Defendants deny that Plaintiff is entitled to any relief;

25   / / /

26   / / /

27   / / /

28   / / /

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-23-

**AS TO THE TWENTIETH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 202**

**(FAILURE TO PAY ALL EARNED WAGES DUE UPON DISCHARGE)**

**Against Defendants BOUTIQUE and OPEN TRIP**

1.      Defendants deny that Plaintiff is entitled to compensatory damages;

2.      Defendants deny that Plaintiff is entitled to statutory penalties;

3.      Defendants deny that Plaintiff is entitled to pre-judgment and post judgment interest;

4.      Defendants deny that Plaintiff is entitled to attorneys' fees;

5.      Defendants deny that Plaintiff is entitled to costs of suit; and

6.      Defendants deny that Plaintiff is entitled to any relief;

**AS TO THE TWENTY-FIREST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE § 226**

**(FAILURE TO PROVIDE ACCURATE ITEMIZED PAY STATEMENTS)**

**Against Defendants BOUTIQUE and OPEN TRIP**

1.      Defendants deny that Plaintiff is entitled to any damages or penalties;

2.      Defendants deny that Plaintiff is entitled to any penalties;

3.      Defendants deny that Plaintiff is entitled to attorneys' fees;

4.      Defendants deny that Plaintiff is entitled to costs of suit; and

5.      Defendants deny that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Defendants further allege the following separate and affirmative defenses to each and every cause of action alleged in the Complaint.  By alleging the defenses set forth below, Defendants do not thereby agree or admit that they have the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any cause of action against Defendants.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to relief on any of his causes of action because the Complaint and

-24-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  each purported cause of action therein fails to state a cause of action for which relief can be

2  granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

4      Plaintiff's causes of action are barred by the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

6      Plaintiff's Complaint and each of the purported causes of action set forth therein are

7  barred by the applicable state and federal statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

9      Plaintiff's Complaint and each of the purported causes of action alleged therein are

10 barred by the after-acquired evidence doctrine.

### FIFTH AFFIRMATIVE DEFENSE

12     Plaintiff is not entitled to relief on any of her causes of action to the extent Plaintiff failed

13 to timely and successfully exhaust her administrative remedies for the conduct alleged in the

14 Complaint.

### SIXTH AFFIRMATIVE DEFENSE

16     Plaintiff is not entitled to relief on any of his causes of action because she has not

17 suffered any damage as a result of any actions taken by Defendants or their agents.

### SEVENTH AFFIRMATIVE DEFENSE

19     If Plaintiff has suffered or will suffer any damages, those damages are a result of her own

20 conduct, and not the result of any conduct by Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

22     Plaintiff failed to mitigate and/or to attempt to mitigate her damages, if any, and therefore

23 any recovery by Plaintiff must be reduced or barred.

### NINTH AFFIRMATIVE DEFENSE

25     Plaintiff is not entitled to relief on any of her causes of action because Defendants'

26 conduct was at all times reasonable, in complete good faith, based upon good cause, and

27 undertaken pursuant to the terms of applicable laws and regulations.

28 / / /

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

DEFENDANTS BOUTIQUE AIR, INC., OPEN TRIP, INC., MARK HENDRIX, SHAWN SIMPSON, AND
MICHAEL RECH ANSWER TO COMPLAINT                                    Case No. 4:20-CV-08568-YGR

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to relief on any of his causes of action because Defendants' actions were reasonable in response to a legitimate business necessity, and were taken for legitimate, non-retaliatory business reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered any symptoms of mental or emotional distress or injury, such symptoms are the result of an alternative concurrent cause, or a preexisting psychological or physical disorder, and not the result of any act or omission of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff complained of the alleged conduct giving rise to the Complaint, and to the extent Defendants were obligated to do so, Defendants promptly and thoroughly investigated Plaintiff's complaints and promptly took appropriate corrective action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that relief prayed for in the Complaint is barred because all actions Plaintiff alleges to be wrongful, discriminatory, harassing, or retaliatory would have been taken due to performance reasons and/or legitimate and/or non-discriminatory, non-harassing, and non-retaliatory reasons and, therefore the mixed motive defense may apply to Plaintiff's claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that they have complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint, and each and every purported cause of action contained therein, and are, therefore, not liable to Plaintiff for any damages she may have sustained, if any.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff may not proceed in a civil forum, as by contract between the Parties, Plaintiff has agreed to pursue all claims which are the subject of this action via private arbitration.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that without conceding that there are any wages and/or monies due,

-26-

there exists a good faith dispute regarding the payment of wages and/or monies.  Therefore, penalties are not warranted.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants hereby gives notice that they intend to rely upon any additional affirmative defenses that becomes available or apparent during discovery and thus reserve the right to amend their answer to assert such additional defenses as discovery proceeds.

### PRAYER

WHEREFORE, Defendants prays for judgment as follows:

1.      That Plaintiff take nothing by way of his Complaint;

2.      That this action be dismissed in its entirety, with prejudice;

3.      That judgment be entered in favor of Defendants and against Plaintiff;

4.      That Defendants be awarded their costs of suit and attorneys' fees incurred herein; and

5.      For such and other further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Defendants hereby demand a trial by jury.

Dated: March 5, 2021                              GORDON REES SCULLY MANSUKHANI, LLP

By:      */s/ Azniv Darbinian*
Mollie M. Burks
Azniv Darbinian
Attorneys for Defendants
BOUTIQUE AIR, INC., OPEN TRIP, INC.,
MARK HENDRIX, SHAWN SIMPSON,
AND MICHAEL RECH

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

56612467v.1